## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jarrett M. Nahon<br><br>　　　　　Debtor | CHAPTER 13 |
| Nationstar Mortgage LLC d/b/a Mr. Cooper<br>　　　　　Movant<br>　　vs. | NO. 19-12306 JKF |
| Jarrett M. Nahon<br><br>　　　　　Debtor | |
| Scott F. Waterman, Esquire<br><br>　　　　　Trustee | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through November 2019.

2.      Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due December 1, 2019 in the amount of $882.41, which represents the monthly mortgage payment of $902.47, less a suspense balance of $20.06.

3.      In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein .

5.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6.      If the instant bankruptcy is terminated by either dismissal or discharge, this

agreement shall be null and void, and is not binding upon the parties.

7.      The provisions of this stipulation do not constitute a waiver by the Movant of its

right to seek reimbursement of any amounts not included in this stipulation, including fees and costs,

due under the terms of the mortgage and applicable law.


Date:    October 16, 2019                    By: /s/ Rebecca A. Solarz, Esquire
                                             Attorney for Movant



Date:    November 6, 2019                    /s/ Jon M. Adelstein, Esquire
                                             Attorney for Debtor



Date:  /s/ November  22, 2019                /s/ Polly A. Langdon, Esquire, for
                                             Scott F. Waterman, Esquire
                                             Chapter 13 Trustee


The foregoing stipulation is hereby approved.

DATED: 1/13/20

_____
JEAN K. FITZSIMON
United States Bankruptcy Judge