United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Jarrett M. Nahon  
    Debtor

Case No. 19-12306-jkf  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: Antoinett     Page 1 of 1     Date Rcvd: Jan 14, 2020  
                   Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 16, 2020.  
db         +Jarrett M. Nahon,    74 Ivy Court,    Quakertown, PA 18951-2768

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.     TOTAL: 0

       ***** BYPASSED RECIPIENTS *****  
NONE.     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 16, 2020                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 14, 2020 at the address(es) listed below:

       JON M. ADELSTEIN    on behalf of Debtor Jarrett M. Nahon jadelstein@adelsteinkaliner.com, jsbamford@adelsteinkaliner.com  
       KEVIN G. MCDONALD    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com  
       POLLY A. LANGDON    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ecfmail@readingch13.com  
       REBECCA ANN SOLARZ    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com  
       SCOTT WATERMAN    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ECFmail@fredreiglech13.com  
       SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com  
       United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
                                           TOTAL: 7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Jarrett M. Nahon <br>     Debtor | CHAPTER 13 |
| Nationstar Mortgage LLC d/b/a Mr. Cooper <br>     Movant <br> vs. | NO. 19-12306 JKF |
| Jarrett M. Nahon <br>     Debtor | |
| Scott F. Waterman, Esquire <br>     Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through November 2019.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due December 1, 2019 in the amount of $882.41, which represents the monthly mortgage payment of $902.47, less a suspense balance of $20.06.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date: October 16, 2019               By: /s/ Rebecca A. Solarz, Esquire
                                         Attorney for Movant

Date: November 6, 2019               /s/ Jon M. Adelstein, Esquire
                                         Attorney for Debtor

Date: /s/ November 22, 2019          /s/ Polly A. Langdon, Esquire, for
                                         Scott F. Waterman, Esquire
                                         Chapter 13 Trustee

The foregoing stipulation is hereby approved.

DATED: 1/13/20

_____
JEAN K. FITZSIMON
United States Bankruptcy Judge